Mr. Justice Clayton
delivered the opinion of the court.
Peques sold a tract of land to the defendants, and gave a bond to make title, when the purchase-money should be paid. Suit was brought upon two of the notes executed for the purchase-money, and the plea of non assumpsit filed. On the trial the defendants offered proof to show that the plaintiff never had title to the land mentioned in the title-bond. The plaintiff then offered to prove, by parol, that there was a mistake in the description of the land contained in the title bond, and that the defendants were placed in possession of the land really sold, which they had ever since enjoyed without disturbance, and that the notes were executed for that land.
This evidence was objected to, and excluded by the court. To this, exceptions were filed. Several instructions were asked on the part of the plaintiff, which were refused by the court, and a verdict was rendered for defendants. A writ of error thence brings the case to this court.
Parol evidence to show that a mistake exists in a deed or written instrument, and to correct that mistake, is not admissible in a court of law. Upon a bill filed in chancery to correct the mistake, and to reform the deed, such evidence may be received, since it is one of the acknowledged heads of equity jurisdiction to correct mistakes. Marquis of Townsend v. Stargroom, 6 Ves.; Clowes v. Higginson, 1 Ves. & Bea.; Gris, on Eq. Ev. 205; 2 Hum. 72; 1 Greenl. on Ev. 358, § 296; 1 Story *347 Eq. 164, 175: Ratcliffe v. Alison, 3 Ran. 537; Hunt v. Rousmanier, 1 Peters, 1; 3 Phil. Ev. 1429—1434; 6 N. H. 205. The instructions asked for and refused, assert the proposition that the right to enforce payment is distinct and independent from the ability to make title, and hence the want of title cannot be used as a defence. These charges were properly withheld. Courts will construe covenants to be dependent, unless a contrary intention clearly appears. Gardner v. King, 2 Iredell; Stockton v. George, 7 How. 175. A party is not thus forced to pay out his money, unless he can get that for which he stipulated. In this instance the party must seek his relief in equity.
Judgment affirmed.